**HANOVER IMPROVEMENT SOC., Inc.,**
**v. GAGNE.**

No. 962.

District Court, D. New Hampshire.

March 12, 1937.

MORRIS, District Judge.

This is an action at law for the purpose of the recovery of $154.53 paid on February 6, 1936, as federal capital stock tax and interest thereon for the taxable year ending June 30, 1933; and for the recovery of $144.29 paid on April 20, 1936, as federal capital stock tax and interest thereon for the taxable year ending June 30, 1934. Claims for refunds of these amounts were filed, in the order named, on March 24, 1936, and April 24, 1936. Both claims for refund were denied on June 22, 1936. This suit was instituted July 20, 1936.

The question presented is whether the plaintiff is a civic league or organization "not organized for profit but operated exclusively for the promotion of social welfare * * * the net earnings of which are devoted exclusively to charitable, educational, or recreational purposes," within the meaning of section 103(8) of the Revenue Act of 1932 (26 U.S.C.A. § 103(8) and note), and section 101(8) of the Revenue Act of 1934 (26 U.S.C.A. § 103(8) and note) so as to be exempt from the payment of a capital stock tax.

The plaintiff is a corporation organized under the laws of the state of New Hampshire in 1922. Its articles of association provide that the name of the corporation shall be "Hanover Improvement Society, Incorporated."

"Art. 2. The object of this association shall be the sole purpose of improving the Village Precinct of Hanover by any work or undertaking looking to the introduction, inauguration or betterment of any facility, agency or other service or thing designed or maintained for the common use or benefit of all the people of the community; to improve and beautify public roads, streets, parks and other public utilities or services, to improve educational and health conditions, to raise funds for the acquisition and care of fire apparatus and the like.

"All funds of the association shall be devoted to its purposes as above set forth and no part shall inure to the benefit of any of its members except as reasonable compensation for services actually rendered.

"Art. 3. The place in which the business of this corporation is carried on is Hanover, N. H.

"Art. 4. The amount of capital stock or number of shares is nothing."

At the time the corporation was organized, the incorporators contemplated the operation of a motion picture theater in Hanover for the purpose of obtaining revenue to carry out the purposes of the corporation. They were advised that they could do so. The plaintiff has operated the picture house in Hanover at a profit every year since it was incorporated, including the taxable period in question. Its lease of the building does not expire until 1937. A fund has been accumulated which it anticipates will be used for the erection of a new theater building.

Substantially all of the plaintiff's revenue comes from the operation of the theater and income derived from securities in which the profits of the theater have been invested.

Since its organization, the funds of the corporation have been devoted to the purchase of fire equipment and fire alarm system for the village of Hanover at a cost of $27,794.28; equipment for the use of the street department of the Hanover precinct at a cost of $13,719.52; such equipment consisting of tractors, sleds, plows, trucks, boilers, sidewalk ploughs. sweeper, and such

like articles. During the past sixteen years, it has contributed for such purchases the sum of $69,190.90. It has contributed toward road construction $3,000; this is a public highway. It has expended in the care and setting out trees along the streets of the village during a period of years a sum aggregating $16,450.68. It has expended for street signs $666.99. In connection with the construction of a new schoolhouse, it provided the furniture for the school building and the addition of a bicycle room, not in the original plans, at a total expenditure of $6,500. It has expended in connection with Occom Pond, co-operating with other organizations in improving the pond and making it available for skating, $6,850. When the new post office building was built in Hanover, the amount available for the cost of the lot was not sufficient and the Hanover Improvement Society paid $5,000 toward its purchase. It has made contributions of a similar nature to the Boy Scouts and the Girl Scouts and the unemployment fund, community dinner, and Red Cross, these items aggregating a little over $1,000. It has expended in the operation of an artificial pond for recreational purposes for the benefit of the community $783.76, and has expended on the construction of that same artificial lake for the purchase of land and the construction of a dam and other things in connection with the development of the project in connection with CWA and some other funds that were available a sum of $28,954.92. This sets up a total expenditure of $179,987.70 over a period of fourteen years ending June 29, 1936.

On June 30, 1934, the plaintiff had assets of the value of $77,200.86 and liabilities in the amount of $74,928.26.

For the year ending June 30, 1934, the plaintiff had operating receipts totaling $65,697.65, and operating expenses totaling $58,311.52, and a profit for the year from operations in the amount of $7,386.13.

Both plaintiff and defendants filed requests for special findings of fact and rulings of law.

Plaintiff's request No. 1, I find as follows: "The income of the plaintiff during the taxable periods was acquired exclusively from the operation of the moving picture business and interest on invested securities for the purposes of the association and expended in disbursements as hereinbefore set forth."

Plaintiff's request No. 2: "The plaintiff was not organized for profit but is and always has been operated exclusively for the promotion of the welfare of the village of Hanover."

Defendant's requests for special findings of fact:

Requests numbered 1, 2, 3, and 4 are historical and are fully covered in my general findings of fact.

Defendant's requests for rulings of law:

I rule in accordance with defendant's request No. 1 as follows: "Upon all the evidence adduced at the trial the facts of this case do not warrant the conclusion, as a matter of law, that the plaintiff was exempted from the payment of the capital stock tax for the year ending June 30, 1933, imposed by section 215(a) of the National Industrial Recovery Act, c. 90, § 215 (a), June 16, 1933, 48 Stat. 207."

I rule in accordance with request No. 2 as follows: "Upon all the evidence adduced at the trial the facts of the case do not warrant the conclusion, as a matter of law, that the plaintiff was exempted from the payment of the capital stock tax for the year ending June 30, 1934, imposed by section 701 (a) of the Revenue Act of 1934, c. 277, § 701 (a), May 10, 1934, 48 Stat. 769" [26 U.S.C.A. § 1358(a)].

I rule in accordance with request No. 3 as follows: "The plaintiff was not exempt from the payment of the capital stock tax for the year ending June 30, 1933, imposed by section 215 (a) of the National Industrial Recovery Act, by reason of the exemption provided for in section 215 (c) (1) of said act."

I rule in accordance with request No. 4 as follows: "The plaintiff was not exempted from the payment of the capital stock tax for the year ending June 30, 1934, imposed by section 701 (a) of the Revenue Act of 1934, by reason of the exemption provided for in section 701 (c) (1) of said act [26 U.S.C.A. § 1358 (c) (1)]."

Defendant's request No. 5 must be modified. I rule that the plaintiff corporation was organized for the purpose of promoting the social welfare of the village of Hanover and that the funds to be derived from the operation of the motion picture house were to be used exclusively for that purpose, but that the purpose as carried out included more than charitable, educational, or recreational purposes, and that therefore it does not bring itself within the provisions of the exemptions provided

in the Revenue Act of 1932, ch. 209, § 103 (8), 26 U.S.C.A. § 103 (8) and note.

Request No. 6: As the Revenue Act of 1934, ch. 277, § 101 (8), 26 U.S.C.A. § 103 (8), appears to be identical with the Revenue Act of 1932, my ruling is the same as in request No. 5.

Request No. 7: I rule that the plaintiff, while organized as a civic league, operates a motion picture house for profit, but that such profits are not devoted exclusively to charitable, educational, or recreational purposes within the meaning of the above-enumerated sections.

I rule in accordance with request No. 8 that the plaintiff is not entitled to recover in this case.

The order is, verdict for the defendant.